NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-2614 & 11-4227
_____

KAMALESWARI BHAGEERATHARAN a/k/a
Kamaleswari Bahetharan; BHAGEERATHARAN
GURUNATHAPILLAI a/k/a Bhareetatharan Guruathapillai;
NIRUBAN BHAGEERATHARAN a/k/a Niruban Bahetharan,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency Nos. A077-013-998, A077-013-997 & A077-013-999)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: July 3, 2012)
_____

OPINION
_____

PER CURIAM

Petitioners petition for review of two orders of the Board of Immigration Appeals

("BIA") denying their motions to reopen. We will deny the petitions.

I.

The lead petitioner is an ethnic Tamil and citizen of Sri Lanka. She sought asylum and other relief and claimed, among other things, that she would face persecution and torture if returned to Sri Lanka as a failed Tamil asylum seeker. The Immigration Judge ("IJ") denied her application and ordered petitioners' removal to Sri Lanka, and the BIA dismissed their appeal. They later filed a motion to reopen, which the BIA denied, and sought review of both BIA rulings. We consolidated their petitions for review and denied them. See Bhageeratharan v. Att'y Gen., 384 F. App'x 124 (3d Cir. 2010). In doing so, we agreed with the BIA that petitioners' new evidence did not establish a pattern or practice of persecution "of Tamils or of Sri Lankans returning from abroad after failed asylum applications in other countries." Id. at 129.

Petitioners later filed another motion to reopen, again claiming to fear persecution as failed Tamil asylum seekers. The BIA denied the motion on June 10, 2011, on the ground that it is both untimely and number-barred and does not qualify for the exception for motions based on changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Petitioners' petition for review of that order is pending at C.A. No. 11-2614. After filing that petition, petitioners filed a third and fourth motion to reopen with the BIA. In their third motion, petitioners asked the BIA to reopen sua sponte in light of an alleged error in the IJ's designation of Sri Lanka as the country of removal. In their fourth motion, petitioners again claimed to fear persecution as failed

9

Tamil asylum seekers, and they submitted additional evidence on that issue. The BIA

denied these motions on October 31, 2011, again concluding with respect to petitioners'

fourth motion that it is untimely and number-barred and does not qualify for the

exception based on changed country conditions. Petitioners' petition for review of that

order is pending at C.A. No. 11-4227. We consolidated the petitions on petitioners'

motion, and we now address them together.[1]

## II.

The IJ previously rejected petitioners' claim that they face persecution as failed

Tamil asylum seekers. He found that, although they presented evidence of Tamil asylum

seekers being detained on return (A.R. 802, 804, 810-11),[2] more recent evidence did not

support their claim. Petitioners argue that conditions have changed. In support of their

---

[1] As the Government argues, petitioners have not challenged that portion of the BIA's October 31, 2011 order denying their third motion to reopen, which requested reopening sua sponte. Petitioners thus have waived any such challenge. See Leslie v. Att'y Gen., 611 F.3d 171, 174 n.2 (3d Cir. 2010). In addition, we generally lack jurisdiction to review the BIA's denial of reopening sua sponte absent situations not presented here. See Pllumi v. Att'y Gen., 642 F.3d 155, 159-60 (3d Cir. 2011). We have jurisdiction to review the denial of petitioners' second and fourth motions to reopen under 8 U.S.C. § 1252(a)(1), and we do so only for abuse of discretion. See Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). We will not disturb the BIA's ruling unless it is "'arbitrary, irrational, or contrary to law.'" Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008) (citation omitted). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu, 555 F.3d at 148 (quoting 8 U.S.C. § 1252(b)(4)(B)). We review questions of law de novo. See Leslie, 611 F.3d at 175.

[2] For ease of reference, all citations to the record are to the administrative record that has been filed in C.A. No. 11-4227, which includes the materials contained in the administrative record previously filed in C.A. No. 11-2614.

second motion to reopen, they relied on evidence that Tamil demonstrations in London forced the Sri Lankan President to cancel a speech there and that he later labeled the Tamil Diaspora a "terrorist" element and stated that "[w]e have already commenced the battle against them in the international sphere and are committed to continue it." (A.R. 200-09.) They also relied on evidence that three Tamils returned from Australia were tortured in 2009 (A.R. 211-12), and that Sri Lankan officials have harassed Tamils arriving at the Colombo airport by questioning them about affiliation with the Tamil Tigers and the London demonstrations (A.R. 216). The BIA concluded that this evidence does not show that conditions in Sri Lanka have changed since the IJ's ruling because "the news articles, country reports, and other evidence submitted with the motion do not establish that returning Tamils are routinely arrested, detained, or otherwise mistreated upon their return" or that "all Tamils would automatically be suspected of being Tamil Tigers, or that unsuccessful asylum seekers would be persecuted." (June 10, 2011 BIA Order at 1) (A.R. 113).

Petitioners then included much of the same evidence with their fourth motion to reopen, together with two new reports dated June 17, 2011. The first is from Amnesty International and states that twenty-six failed asylum seekers were "reportedly taken in for questioning" after being returned from the United Kingdom and that "Amnesty International believes that some of the returnees are at risk of torture." (A.R. 58.) The second is from Freedom From Torture. That report notes the return of the same asylum seekers and states that "[w]e are seriously concerned that rejected asylum seekers

9

returned to Sri Lanka may be at risk of torture." (A.R. 59.) In its order of October 31, 2011, the BIA noted both reports and explained that this evidence "does not state why these returnees were questioned or report that [they] were tortured, and fails to indicate that there is any threat to the respondents." (Oct. 31, 2011 BIA Order at 2) (A.R. 4). The BIA also explained that this evidence is "substantially similar" to the evidence that petitioners submitted with their first motion to reopen and that both the BIA and this Court found insufficient to show materially changed country conditions. (Id.)

Petitioners do not directly challenge the BIA's assessment of the record, and our review confirms that substantial evidence supports the BIA's conclusion in each instance that petitioners have not shown materially changed country conditions. If anything, petitioners' new evidence suggests that conditions in Sri Lanka for ethic Tamils may have improved since the IJ rejected their claim, though we need not and do not so decide.[3]

Petitioners raise essentially four arguments on review, but each lacks merit. First, petitioners argue that the BIA misapplied the prima facie standard applicable to motions to reopen and the substantive standard for asylum by requiring them to conclusively

---

[3] Before the IJ, petitioners relied on evidence of the war between the Sri Lankan Government and the Tamil Tigers. (A.R. 677-718.) The 2009 country report that petitioners submitted with their second motion to reopen states that the war ended in May 2009 with the Tamil Tigers' defeat and that disappearances "declined from previous years, in particular after the end of the war." (A.R. 220.)

"establish" their claims by showing that "all" Tamils face persecution.[4] The Government aptly characterizes this argument as specious. The BIA did not address whether petitioners had presented a prima facie case or deny their motions for failure to do so. Instead, it determined in both instances that petitioners' new evidence does not show that conditions in Sri Lanka have materially changed. Those determinations are supported by substantial evidence, and they were permissible reasons for the BIA to deny petitioners' motions. See Filja v. Gonzales, 447 F.3d 241, 255 (3d Cir. 2006).

Second, petitioners argue that, because the IJ effectively found no evidence that returned asylum seekers face "ongoing" persecution, the fact that detention of returned asylum seekers continues to be reported means that conditions have changed since then. Petitioners' evidence of isolated instances of torture and detention, however, is of the same character as the evidence they previously submitted to the IJ. (A.R. 802, 804, 810-11.) We reached the same conclusion regarding the evidence petitioners submitted with their first motion to reopen, which, as the BIA properly explained, is substantially similar to the evidence at issue here. See Bhageeratharan, 384 F. App'x at 128. The "ongoing" nature of these reports means, not that conditions have changed, but just the opposite.

Third, petitioners argue that the BIA failed to issue a reasoned decision. They clarify in their reply brief that they do not fault the BIA for failing to consider their

---

[4] Petitioners initially raised this argument in their brief in C.A. No. 11-2614 as to the BIA's order of June 10, 2011. In their consolidated brief, they raise the first point only as to the BIA's order of October 31, 2011. We nevertheless consider the challenge as raised to the BIA's previous order as well.

9

evidence, but they argue that the BIA should have addressed it more thoroughly, particularly with respect to the Sri Lankan President's reference to having "commenced the battle" against the Tamil Diaspora "in the international sphere." In each instance, however, the BIA accurately summarized petitioners' evidence and sufficiently explained why it does not show changed conditions. No more was required of it here. See Zheng, 549 F.3d at 268.[5]

Finally, petitioners rely in their reply brief on recent non-precedential decisions by the United States Court of Appeals for the Second Circuit and by the BIA in a different case. The Second Circuit recently granted another ethnic Tamil alien's petition for review of the BIA's denial of reopening. See Siuabalasingam v. Holder, No. 10-3240-ag, 2012 WL 1352685, at *2 (2d Cir. Apr. 19, 2012). The BIA also recently reopened another ethnic Tamil alien's case. (Petrs.' Reply Br., Addendum II.) Petitioners do not specify the precise significance that they attach to these rulings, but they appear to present them as persuasive authority. To the extent they do so, these decisions do not assist them. In the Second Circuit case, the BIA denied reopening solely because it concluded that the petitioner had not made out a prima facie case for relief. See

---

[5] The BIA's order of June 10, 2011, does not specifically mention the Sri Lankan President's statement, which petitioners liken to a "declaration of war," but that statement does not support their claims. Neither the President's statement nor any of petitioners' other evidence shows any change in the actual treatment of Tamils in Sri Lanka. Cf. Zheng, 549 F.3d at 268 (recognizing that the BIA has "'a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim'") (citation omitted).

Siuabalasingam, 2012 WL 1352685, at *1. The Second Circuit remanded on that issue and expressly declined to consider whether the petitioner had shown the changed conditions necessary to file an untimely motion to reopen, which is the dispositive issue here. See id at *1, n.1. In the other BIA proceeding, the BIA specifically relied on evidence that is not contained in the record in this case. (Petrs.' Reply Br., Addendum II, at 1.)[6] Thus, these decisions do not persuade us that the BIA abused its discretion in declining to reopen petitioners' own proceeding.

For these reasons, we will deny the petitions for review. Petitioners' motions to file their opening and reply briefs out of time, to proceed on the original administrative record, and to supplement their appendix are granted. Petitioners also initially filed a motion to expand the record in C.A. No. 11-2614 with the evidence that now is the subject of C.A. No. 11-4227. Because we have considered that evidence in connection with C.A. No. 11-4227, the motion previously filed in C.A. No. 11-2614 is denied as moot.

---

[6] Petitioners' current counsel represented the alien in the other BIA proceeding as well. In that case, the BIA referred to evidence "learned of by counsel in September of 2011," which was after petitioners filed the motions to reopen at issue here. (Petrs.' Reply Br., Addendum II, at 1.) Petitioners rightly have neither presented this evidence to us nor asked that we consider it in our review, which generally is limited to "the administrative record on which the order of removal is based." See 8 U.S.C. § 1252(b)(4)(A).